UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

STERLING C. STEWART        )
                                )
v.                             )      1:05-CV-206/ 1:03-CR-94
                                )      Judge Curtis L. Collier
UNITED STATES OF AMERICA    )

## ORDER

This is a *pro se* motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. Petitioner was convicted, pursuant to his guilty pleas, for possession with the intent to distribute over 50 grams of methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and for possession of a firearm in furtherance of a drug-trafficking offense, a violation of 18 U.S.C. § 924(c), receiving a 40-month term of imprisonment for the first offense and a consecutive 38-month sentence for the second.

On August 18, 2005, the Court issued two orders in this case (Court File Nos. 2 and 3); directed the Clerk to seal those orders; and further directed the unsealing of the orders, as provided in the Local Rules, would be tied to a Rule 35 motion then pending in Petitioner's criminal case. The Rule 35 motion has been granted, (Court File Nos. 29 and 30 in Criminal Case No. 1:03-CR-94), obviating any need to maintain those two orders under seal. Accordingly, the Clerk is **DIRECTED** to unseal the orders.

In those orders, the Court dismissed Petitioner's § 2255 motion, in which Petitioner had articulated one ground for relief: " I cooperated with the Government after my sentence on 9/17/04 because of a promise of a reduced sentence which I never received after I gave truthful and complete testimony that resulted in convictions." The Court assumed, but did not find, the "broken promise"

claim was valid and, based on that assumption and on a review of the record in Petitioner's criminal case, concluded the United States had kept its promise, thereby mooting his § 2255 claim.

Petitioner has now filed what will be construed as a letter motion for relief from judgment or order, under Rule 60(b) of the Federal Rules of Civil Procedure, as well as a motion for an evidentiary hearing (Court File No. 4).

In his Rule 60 motion, Petitioner argues he was promised a substantial time reduction and his § 2255 case is not moot because he has not received a reduction of sentence. Petitioner filed his latest motion *before* his prison sentence was lowered to 57 months—nearly a 27 percent reduction from the 78-month term imposed originally. In his Rule 60 motion, Petitioner concedes, in effect, his case would be moot "if I received the 'substantial time reduction' as promised." Petitioner's sentence has been reduced and he has received, in the Court's view, a substantial reduction. Since he has been granted the relief he requested in his motion to vacate, his Rule 60 motion—as was his § 2255 motion—is moot.

Even if the Rule 60 motion were not moot, a court may grant relief from judgment for certain enumerated reasons, such as mistakes, inadvertence, surprise, fraud, or newly discovered evidence which, by due diligence, could not have been discovered earlier. Fed. R. Civ. P. 60(b)(2) Petitioner's Rule 60 motion might be understood as alleging it was a "mistake" for the Court to conclude he had been given the relief he sought. If this is his true argument, it is unsound. This action was properly dismissed as moot and nothing in the motion convinces the Court otherwise. Because the Court sees no valid basis to reopen this case, Petitioner's Rule 60(b) motion is **DENIED** and his motion for an evidentiary hearing is likewise **DENIED**.

**SO ORDERED.**

**ENTER**:


/s/

**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**